IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIZABETH GARCIA, <br> (Reg. No. 05912-078), <br><br> Plaintiff, <br> vs. <br><br> WARDEN CARR, <br> FMC Carswell, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br> Civil Action No. 4:21-CV-489-P |

**OPINION and ORDER OF PARTIAL DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/plaintiff Elizabeth Garcia's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After reviewing the amended complaint and supplemental more definite statement, the Court concludes that Plaintiff's claims against defendants FMC-Carswell and the Federal Bureau of Prisons must be dismissed, but that she may obtain service of her claims against Warden Carr.

**BACKGROUND/PLAINTIFF'S PLEADINGS**

Garcia initiated this suit by filing a voluminous handwritten civil-rights complaint. Compl. 1-47, ECF No. 1. In response to a Court order informing Garcia that such claims brought by prisoners must be presented on the Court's civil-rights complaint form, Garcia completed a prisoner civil-rights complaint form as an amended complaint. Am. Compl. 1-7,

ECF No. 5.¹ In the amended complaint, Garcia names as defendants FMC-Carswell Warden Carr, FMC-Carswell, and the Federal Bureau of Prisons ("BOP"). Am. Compl. 3, ECF No. 5. In her statement of claim in the amended complaint, Garcia writes only that:

> Constitutional rights violated under the 8th Amendment, complete medical indifference. Cruel and unusual punishment. Rotten Food. Without Clean Bedding and clothing. The removal of personal hygiene. Violation of basic human needs. Overcrowding.

Am. Compl. 4, ECF No. 5.

The Court then issued an order for more definite statement, directing plaintiff Garcia to provide answers to the Court's particular questions in a more definite statement. ECF No. 8. Although Garcia initially filed a document titled as a "more definite statement," after review, the Court issued a deficiency order, noting that the document did not provide Garcia's own facts in response to the Court's order, but instead incorporated numerous other allegations unrelated to her claims. ECF Nos. 9, 10. The Court provided Garcia an extension to file a supplemental more definite statement that included her own answers to the Court's specific questions. ECF No. 10. Garcia then filed a supplemental more definite statement. Some of the responses are as follows:

> Question 1(A) Regarding Specifics of her Eighth Amendment claims:

---

¹ As an amended complaint supersedes the original pleading, the Court reviews only the amended complaint. *See Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986) (noting that an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (same).

> Knowing the pandemic was killing people and that there were many basic things the CDC put in place to help save our lives and lives of others, Warden Carr ordered positive sick with fevers, coughs and more to be untested and left in their cell along with my bunkies. I ran high fevers and staff would not address me. Cole-Rowls and Lt. Anthony stated, "We don't have the tests to test you and Warden Carr says to keep you in your housing unit.
>
> I was not provided any medical help not even for my fevers [sic]. Others in my unit were throwing up and we would be threatened at any attempt to get help.
>
> Because I do not speak any English (someone has to write things for me as I talk). Warden Carr would say, "You live here learn," and walk away.
>
> Lt. Anthony would not wear a mask and said "I don't have to!!" Warden Carr said, "I'm not medical I can't help you stop crying over it you're in prison not Hilton. But no one would get help. [. . . ]
>
> We had no soap to wash our hands for weeks and Cole-Rowls said, "I don't give a shit."
>
> I could not shop to buy soap, toothpaste, pain and fever reducer, tummy medication when I would get so sick over the food.
>
> I was called a "stupid bitch" and that was Warden Carr, when I had a coughing outbreak and he was there !

Suppl. MDS 1-2, ECF No. 11.

> [Question] 1 (B) Regarding her allegations about "rotten food:"
>
> For 21 days we had no hot meals at all. "Bag nasties" was all we were given and for 2 weeks 3 times a day not one veggy [sic] or fruit until once more [fellow inmate] Blake stood up for us. Then being nasty they cut whole onions up on halfs [sic] and raw rotten slimly carrots and placed them in our bags. Staff did not want to touch them and laughed when we'd show them juice filled bags with rotten halfs [sic] of onions.
>
> Once we got a hot meal almost after a month the meat was spoiled– the chicken was green and had an odor that made you gag. Beans were not fully cooked.

3

> Sweet potatoes were hollowed out and black on the insides.
>
> Warden Carr would not allow commissary to be packed up by staff and brought to us even with him knowing we were sick. No hygiene, no food, no meds, no soaps for months.

Suppl. MDS 2-3, ECF No. 11.

> [Question] 1(C) Regarding her allegations about "lack of clean bedding and clothing:"
>
> Through all of the lockdown we were forbidden to wash our sheets or blankets or clothes! They refused to bring us clean sheets & blankets once more until Blake would not stop demanding clean bedding. I was on the same sheets and blanket for over 6 months.
>
> When the freeze happened Warden Carr knew the heater was out and left us to freeze. Would not provided extra blankets or drinking water until Blake got in touch with Kailey Johnson with the Star-Telegram.
>
> I would shake violently and got real sick. Covid virus was all over our bedding and there was nothing we could do for ourselves as adults because the ones caring for us did not care.

Suppl. MDS 3, ECF No. 11.

> [Question] 1 (D) Regarding "removal of personal hygiene:"
>
> We could not shop to provide for ourselves and unit team in 2 north only refused to provide soap, shampoo, toothpaste, tampons, or pads. I was humiliated as a woman, bleeding and told "use a sock." Cole-Rowls, Lt. Butler.

Suppl. MDS 3-4, ECF No. 11.

> [Question] 1 (E) Regarding "Overcrowding:"
>
> I am four women in a 8 X 10 space, with Covid and rotten food; no hygiene, sick, scared, worried I was going to die, watching others die. Six feet apart! I am a ft (foot) from 3 other bunkies. Warden Carr ordered so many cell and unit

> moves that people never sick were made to be in my cell! I cried knowing I'd get them sick ! . . .

Suppl. MDS 4, ECF No. 11.

> [Question] (3) Regarding actions taken by Warden Carr that she calims show "deliberate indifference:"
>
> He saw to it I got COVID along with many others and refused aid, masks, soap, medical help, or testing. He did not even want staff tested on site so they could still work.

Suppl. MDS 4, ECF No. 11. Garcia's claims for relief include policy changes, persons being fired, release, and health insurance for life, which the Court liberally construes as a request for injunctive and monetary compensation. Am. Compl. 4, ECF No. 5.

## LEGAL STANDARD OF REVIEW UNDER § 1915A and § 1915(e)(2)(B)

Plaintiff Garcia is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, her pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Garcia is proceeding *in forma pauperis*, her pleadings are also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when

5

it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

**A.    Defendant FMC-Carswell**

Garcia contends that FMC-Carswell "as a whole body have crushed my life, risked my life, humiliated me, mentally abused me [and] the cruelness of the staff and the hate allowed many deaths." Suppl. MDS 4, ECF No. 11. It is settled law, however, that a federal prison like FMC-Carswell is not a legal entity amenable to suit. *See Duhaney v. Gusman*, No. Civ. A. 06-3518, 2009 WL 1607915, at *3 (E,.D. La. June 2, 2009) (FDC-Houston is not a legal entity amenable to suit); *Christy v. Federal Bureau of Prisons*, No. Civ. A. 09-3044-SAC, 2009 WL 961388 at *2 (D. Kan. Apr. 8, 2009) (U.S.P. Leavenworth is not a legal entity suable for civil rights violations) (citing *Marsden v. Federal Bureau of Prisons*, 856 F. Supp.

6

832, 836 (S.D. N.Y. 1994)); *Nolan v. Hamidullah*, No. Civ. A. 4:07-1141-JFA-TER, 2007 WL 1726447 at *3 (D.S.C. Jun. 12, 2007) (Estill Federal Correctional Institution is not a proper party in a *Bivens* action); *Tolliver v. Edgefield Corr. Inst.*, No. 0:06-0903-PMD, 2006 WL 1391447 at *2 (D.S.C. May 16, 2006) (FCI Edgefield is not a person for purposes of a *Bivens* action). Therefore, Plaintiff's claims against her federal prison facility are frivolous and fail to state a claim upon which relief can be granted.

### B.    Defendant Federal Bureau of Prisons

Garcia also sues the Federal Bureau of Prisons. The Federal Bureau of Prisons is an agency and not an individual officer of the sort amenable to suit under *Bivens*. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1984) (noting that *Bivens* applies to individual agents, not agencies). A plaintiff may not bring suit for damages against a federal agency under *Bivens*. *See id.* Because the Bureau of Prisons is an agency, Garcia's *Bivens* claims against this defendant fails as a matter of law.

### C.    Defendant Warden Carr

The primary focus of Garcia's claims against defendant Warden Carr arise as stated in the amended complaint (ECF No. 5) and in her supplemental more definite statement, (ECF No. 11), summarized above. Construed liberally, Garcia has alleged facts against Warden Carr that entitle her to service of her amended complaint and supplemental more definite statement on Warden Carr. Thus, the Court will allow service of Garcia's claims against Warden Carr through the assistance of the officers of the Court under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See Rochon v. Dawson*, 828 F. 2d. 1109-1110

(5th Cir. 1987). [2]

## CONCLUSION and ORDER

Based on the foregoing, it is therefore **ORDERED** that plaintiff Elizabeth Garcia's claims against defendants FMC-Carswell and the Federal Bureau of Prisons are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **24th day** of **August, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[2] A separate order will issue regarding service of Garcia's claims upon Warden Carr.